UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-113 (DSD/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S PRE-** |
| v. ) | **HEARING RESPONSE TO** |
| ) | **DEFENDANT'S PRETRIAL** |
| JOSE A. FELAN, JR., ) | **MOTIONS** |
| ) | |
| Defendant. ) | |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Melinda Williams and Emily Polachek, Assistant United States Attorneys, hereby submits its consolidated response to Defendant Jose Felan's pretrial motions.

1. **Defendant's Motion For Disclosure of Brady and Giglio Material (ECF No. 60)**

The Government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government has complied, and will continue to comply with the rules set out in that line of cases. The Government objects to Defendant's motion to the extent that it goes beyond the requirements of such case law.

2.  **Defendant's Motion for Early Disclosure of Jencks Material (ECF No. 61)**

Defendant seeks an order requiring early disclosure of Jencks Act material. Defendant has already received voluminous discovery, including many reports that fall within the scope of the Jencks Act, 18 U.S.C. § 3500. The Government objects to court-ordered early disclosure of Jencks Act material. It is well-established in this circuit and district that the Government may not be ordered to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984). Nonetheless, during the parties' meet and confer regarding this motion, the Government agrees to provide any previously undisclosed Jencks material no later than three business days before trial. *See United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1973). The Government requests that the Court's order reflect this agreement and state that both parties are encouraged to exchange undisclosed Jencks materials no later than three business days before trial.

3.  **Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 62)**

Defendant moves the Court for an order directing the Government to provide notice of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence at least 14 days before trial. The Government agrees to disclose such evidence two weeks before trial, and requests that the Court issue an order that reflects the parties' agreement.

The Government also requests that any order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of a defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one, as the defense may incorrectly claim that the Government must give notice of every "bad act" it intends to introduce. *See United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (explaining that standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

4.  **Defendant's Motion for Discovery of Experts (ECF No. 63)**

With respect to the disclosure of expert witness testimony that either party intends to offer at trial under Federal Rules of Evidence 702, 703, or 705, the Government does not object to providing such information, but requests that the Court order *reciprocal* disclosures under Federal Rule of Criminal Procedure 16(a)(1)(G) at least 30 days before trial, and the mutual disclosure of rebuttal experts two weeks before trial. The Government requests that the Court order these reciprocal expert disclosures.

5.  **Defendant's Motion for Retention of Rough Notes (ECF No. 64)**

The Government does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and evidence. The Government does not object to this motion, and will instruct

3

investigators to retain those items. However, the Government does object to Defendant's request insofar as it requests an order compelling disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes are not a statement of witness as there was no evidence witness signed, adopted or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews); *United States v. Bernard*, 623 F.2d 551, 558 (9th Cir. 1979) (Jencks Act not intended to cover rough surveillance notes). Nor are agent rough notes generally discoverable as a "statement" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808–09 (9th Cir. 1990) (defendant not entitled to discover testifying agents' destroyed rough notes of investigations); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

Although Defendant is not asking for disclosure of rough notes at this time, before ordering any disclosure of such notes in response to a future request, the Court should—at a minimum—conduct an in camera review to determine whether, among other things, the notes relate to the substance of the agent's testimony on direct exam. *Simtob*, 901 F.2d at 808-09; *Bernard*, 623 F.2d at 557.

**6.    Defendant's Motion to Disclose and Make Informant Available to Interview  (ECF Nos. 65 & 66)**

Defendant has filed a motion requesting that the Government disclose the identity of any information who played a role in the investigation and make them available for an interview.

Pursuant to the informant's privilege, the Government is generally not required to (and does not intend to) disclose the identity of informants to the extent they merely observed and supplied information that was used in support of a search warrant or in identifying a suspect.  *See, e.g.*, *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) ("[T]he identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion."); *United States v. Harrington*, 951 F.2d 876, 877–78 (8th Cir. 1991) (Government not required to disclose identity of informant who "made controlled buys from the apartment and observed the cocaine one day prior to the warrant's execution" but whom "neither witnessed nor participated in the search of the apartment," and the "government indicated that it did not intend to call the informant to testify about any purchases made at the apartment.").  So long as those individuals who provided information about Defendant's identity or flight to Mexico are not called as a Government witnesses at trial, disclosure of their identities is not material to the case nor required under the relevant law.

In the case of any informant who was a witness to or participant in the crimes charged, and whom the Government intends to call as a witness at trial, the Government will disclose/confirm any such person's identity and whereabouts at least 7 days prior to trial. This timing is consistent with numerous orders in this District. *See, e.g., United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *4 (D. Minn. May 20, 2019) (ordering disclosure of identity of informant who participated in undercover transaction with defendant 7 days prior to trial); *United States v. Taylor*, No. 18CR352JRTTNL, 2018 WL 6040435, at *3 (D. Minn. Nov. 19, 2018) ("To the extent there are informants or cooperating individuals who were percipient witnesses to the crimes with which Defendant is charged, who will be witnesses at Defendant's trial, or whose testimony will be material to the determination of the case against Defendant, the Government shall disclose the identities of such individuals and provide the requested information no later than seven days before trial."); *United States v. Cree*, No. CRIM. 12-26(4) JRT, 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (finding seven days' notice of informant trial witnesses "appropriately balance[d] [defendant's] rights with the protection of the confidential informants").

The Government notes, however, that it has no obligation, beyond the above disclosures, to make an informant "available for an interview," and objects to any such request. *See id.* ("The United States' disclosure obligation with respect to material confidential informants is generally satisfied when it provides a defendant with

information pertaining to an informant's identity and location so that the defendant may contact the informant to request an interview or use the informant as a witness.").

## CONCLUSION

The Government respectfully asks the Court to rule on Defendant's pretrial motions as set forth above.

Respectfully submitted,

Dated: June 21, 2021

W. Anders Folk
Acting United States Attorney

*s/ Emily Polachek*
By: Emily Polachek
Melinda Williams
Assistant U.S. Attorneys