UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 20-113 (DSD/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT'S REPLY TO** |
| ) | **GOVERNMENT'S POSITION** |
| JOSE FELAN, JR., ) | **WITH RESPECT TO SENTENCING** |
| ) | |
| Defendant. ) | |

Jose Felan, by and through his attorney, Robert D. Sicoli, hereby submits this reply to the Government's Position With Respect to Sentencing. Before addressing the substantive issues contained in the Government's sentencing memorandum, Mr. Felan asks the Court to disregard the Government's bald assertion that Mr. Felan is suspected of having started fires in three additional buildings. (Government's Sentencing Position at 2). This bald assertion is not supported by any evidence, and is simply not true. Mr. Felan did not start fires in any other buildings.

Defendant's Position With Respect to Sentencing Factors, which was filed on the original due date before the Government filed its sentencing memorandum, adequately addresses most of the issues raised by the Government in its sentencing memorandum, and Mr. Felan will not repeat those arguments here. In this reply, Mr. Felan will only address the Government's arguments that either misstate Defendant's argument, are

1

wrong on the law or facts of this case or other cases, or were not addressed in Defendant's Position With Respect to Sentencing Factors.

## ARGUMENT

1. *Mr. Felan's difficult and turbulent childhood, personal characteristics and family responsibilities support a sentence of 60 months in prison.*

The Government acknowledges that Mr. Felan had a difficult childhood, but summarily dismisses it as a sentencing factor, along with other sentencing factors, justifying a sentence less than the advisory guideline range by arguing that his childhood trauma was not as significant as the childhood trauma suffered by the defendants in the other cases Mr. Felan cites in his sentencing memorandum. (Government's Sentencing Position at 8). The Government's argument is wrong, both on the weight it gives the advisory guideline range, and on its lack of analysis of the facts of this case vs. the facts in the cases outlined in Mr. Felan's sentencing memorandum.

First, the Government's argument presumes that a sentence within the advisory guideline range is the presumptively reasonable sentence. This is contrary to the dictates of 18 U.S.C. § 3553 (a), which provides that the advisory guideline range is one factor among many the Court must consider at arriving at a sentence that is sufficient, but not greater, than necessary to accomplish the purposes of sentencing. It is also contrary to case law. *See, U.S. v. Aguilera*, 523 F.3d 876,877 (8th Cir. 2008) (the sentencing court does not enjoy the benefit of a legal presumption that the guidelines sentence should apply).

Moreover, even assuming the truth of the Government's premise that Mr. Felan's admittedly difficult and turbulent childhood was not as difficult and turbulent as the childhood of the defendants in the cases cited in Defendant's Position With Respect to Sentencing Factors, Mr. Felan is not requesting as large of a variance as was given to the defendants in those cases. In *U.S. v. Patzer*, 548 F.Supp.2d 612 (N.D. Ill 2008), the defendant received a sentence of 13 years in prison, 15 years less than the low-end of the advisory guideline range or a reduction of over 50%. In *U.S. v. Hubbard*, 369 F.Supp.2d 146 (D. Mass 2005), the defendant received a sentence of 108 months, 80 months lower than the low-end of the advisory guideline range, a 42% reduction. In *U.S. v. Collington*, 461 F.3d 805 (6th Cir. 2006), the defendant was sentenced to 120 months in prison, 68 months lower than the low-end of the advisory guideline range, or a 36% reduction.

Here, Mr. Felan is requesting a sentence 10 months lower than the low-end of the advisory guideline range, which is a reduction slightly greater than 14%, in part, because of his difficult and turbulent childhood. His difficult and turbulent childhood, along with other 3553(a) factors discussed in the Position of Defendant With Respect to Sentencing Factors, support a sentence of 60 months in prison as a sentence that is sufficient, but not greater, than necessary to accomplish the purposes of sentencing.

The Government also cites Mr. Felan's criminal record as justifying a sentence at the high-end of the advisory guideline range. Mr. Felan is not minimizing his three

convictions that resulted in a total of 8 criminal points, putting him at criminal history category of IV. However, none of these convictions involved crimes of violence or person crimes. Moreover, 2 of his 8 criminal history points are from a misdemeanor theft (shoplifting) conviction involving merchandise valued at $149.97. In addition to sentencing Mr. Felan to prison, the Court can and should sentence him to 3 years of supervised release. If Mr. Felan is not sincere in his promise to the Court to become a law-abiding, productive member of society, the Court can sentence him to up to an additional 3 years in prison. There is very little risk to the Court and to society in sentencing Mr. Felan to 60 months in prison vs. the Government's request for an 87-month prison sentence. Therefore, a sentence of 60 months in prison and 3 years of supervised release would be consistent with the parsimony provision of 18 U.S.C. §3553 that the Court impose a sentence sufficient, but not greater than necessary, to accomplish the purposes of sentencing.

2. *A 60-month prison sentence followed by 3 years of supervised release is a sentence that is sufficient, but not greater than necessary, to promote specific and general deterrence.*

The Government argues that 87 months in prison is necessary to encourage specific and general deterrence. (Government's Sentencing Position at 9-10). The Government's argument presumes that a prison sentence of 60 months in federal prison is not a sentence that would encourage Mr. Felan to remain law-abiding, but that a sentence of 87 months would do so. This argument ignores the fact that a 60-month

4

federal prison sentence is a significant sentence in which Mr. Felan will serve about 85% of that time.  In addition, Mr. Felan will be under supervision for an additional 3 years when he is released from prison, and if he does not comply with the terms of his supervised release, the Court can sentence him up to an additional 3 years in prison.  Moreover, Mr. Felan has been incarcerated at Sherburne County Jail for over 17 months, has not seen or talked with his wife and children that entire time, was hospitalized with Covid-19, and almost died as a result.  What Mr. Felan has already been through, and the additional time he will serve in prison when coupled with the supervised release term, is a significant deterrent to him committing another crime.  An additional 27 months in prison, as requested by the Government, will not further the goal of specific deterrence, but would only be punitive in nature.

    The Government's argument regarding general deterrence is also without merit.  Presuming that other potential defendants would even know what sentence the Court imposes in this case, a proposition which is dubious, a sentence of 60 months in prison followed by 3 years of supervised release is a significant sentence, that would deter others from committing a similar crime.  It is a specious argument not supported by any empirical evidence that an 87- month prison sentence would further the goal of general deterrence, but that a 60- month prison sentence would not.  What is important is that Mr. Felan receive a significant sentence, including a significant prison sentence followed

by a significant term of supervision after he is released.  A sentence of 60 months in prison plus 3 years of supervised release is such a sentence.

> 3. *The nature of the offense and the need to avoid unwarranted sentencing disparities support a sentence of 60 months in prison.*

The Government summarily cites sentences in other recent arson cases that arose as a result of the murder of George Floyd in an attempt to support its sentencing position.  A closer review of the facts of those cases, which are gleaned from a review of the Government's sentencing memoranda in those cases with cites to the PSR in each of those cases, does not support the Government's position.

In *U.S. v. Edwards*, 20-cr-282 (PJS/ECW) (D. Minn. 2021), the defendant was charged with riot and arson for his actions on August 26, 2020 in downtown Minneapolis, after a false rumor was spread that a person was shot and killed by police, when in reality the person shot himself and committed suicide.  After Edwards looted several stores, he broke into the Target downtown store, looted it and assisted in setting fire to the store.  Edwards went to trial and was convicted by a jury.  He never accepted responsibility for his actions, even to the point of refusing to appear in court in the middle of the trial.  He had a criminal history category VI, which included a serious sex crime.  His advisory guideline range was 100-125 months.  He received a sentence of 100 months, the low-end of the guideline range.

In *U.S. v. Rupert*, No. 20-cr-104 (NEB/TNL) (D. 2021), the defendant came to Minnesota from his home in Galesburg, Illinois on May 28, 2020, with the express

purpose to throw explosive artillery fireworks at law enforcement officers. He stated on Facebook that he was going to go to Minnesota and wanted other "goons" to join him, stating that they should be ready to go to war. He recruited a neighbor who was 17 years old to join him on the trip. When he got to Minnesota, he filmed his activities, including filming him passing out these artillery style fireworks to others so that they could throw them at law enforcement personnel. He also looted and set a Sprint retail store on fire. He was criminal history category VI, which included violent offenses, including domestic violence, battery and resisting arrest. He also had a pending methamphetamine possession case. When Rupert returned to Chicago, he was arrested with 4 other people on May 30 for violating curfew, and the officers found similar incendiary devices in his backpack. When a search was conducted at his home, law enforcement officers seized firearms, ammunition, drug trafficking materials and $15,000 in cash. While incarcerated at the Sherburne County Jail, he had several disciplinary violations, including threatening other inmates and correctional officers. On one occasion, the correctional officers had to use a chemical agent to restrain Rupert. His guideline range was 92-115 months, and he received a sentence of 105 months in prison.

In *U.S. v. White*, No. 20-cr-173 (WMW) (D. Minn. 2021), defendant looted and set a fire in a back room of an Enterprise car rental agency. He was criminal history category VI, with a total of 15 convictions giving him 29 criminal history points. He

committed the arson when he was on supervised release for a bank fraud conviction. His guideline range was 77-96 months. He was sentenced to 72 months.

In *U.S. v. Henderson*, No. 20-cr-146 (SRN/BRT) (D. Minn. 2020), defendant pled guilty to throwing Molotov cocktails into the Dakota County Western Service courthouse which caused a fire and significant damage. He was criminal history category V with 15 previous criminal convictions, including convictions for assaultive behavior and previous violent interactions with the police. He also had disciplinary violations while he was incarcerated at Sherburne County Jail, including confrontations with correctional officers. His guideline range was 70-87 months, and he received a sentence of 78 months in prison.

In *United States v. Ziegler*, No. 20-cr-188 (SRN) (D. Minn. 2021), the defendant was Henderson's co-defendant and was involved in throwing Molotov cocktails into the Dakota County Western Service courthouse. His was criminal history category I, and his guidelines were 36-47 months in prison. He received the mandatory minimum sentence of 5 years in prison.

Unlike the defendants in the cases cited by the Government, Mr. Felan did not go to the protests on May 28 intending to commit any crime, let alone the crime of arson. This is borne out by the fact that he did not bring accelerant with him, but took it from a store on University Avenue. The fires he set, while serious, were limited in scope. He set boxes on fire in the back of the stores, and did not use accelerant to start the fire at

the 7 Mile Sportswear store. At the Gordon Park High School, he assisted his co-defendant Mohamed Abdi, to light a garbage can on fire in the cafeteria of the school. Except for the accelerant he took from the store, Mr. Felan did not engage in looting. He did not threaten to harm law enforcement officers. He does not have the extensive criminal record, including crimes of violence that all but one of the defendants have in the cases cited by the Government. Mr. Felan has been a model prisoner at the Sherburne County Jail. He has devoted his time at the jail to reading self-improvement books to better himself, and to help him to once again become a productive member of society when he is released from prison. It is noteworthy that none of the defendants in the cases cited by the Government received a sentence at the high-end of the applicable guideline range, as the Government is requesting here.

It is conspicuous that the one case the Government does not cite in arguing for a prison sentence of 87 months is co-defendant Mohamed Abdi's case. The differences in Mr. Felan's case in comparison to Mr. Abdi's case support a sentence significantly longer than Mr. Abdi's probationary sentence. However, Mr. Felan respectfully suggests that a sentence of 60 months in prison followed by 3 years of supervised release adequately accounts for the differences in the cases, and would be a sentence that is sufficient, but not greater, than necessary to accomplish the purposes of sentencing outlined in 18 U.S.C. § 3553(a).

**CONCLUSION**

For the foregoing reasons and those to be set forth prior to sentencing, Mr. Felan respectfully asks the Court to sentence him to 60 months in prison followed by a term of supervised release of 3 years.

Dated:  October 10, 2022                                              Respectfully submitted,

                                                                  **SICOLI LAW, LTD.**

                                                                  By: /s/ Robert D. Sicoli
                                                                          Robert D. Sicoli
                                                                  Attorneys for Defendant
                                                                  2136 Ford Parkway #117
                                                                  Saint Paul, MN 55116
                                                                  Telephone: (612) 871-0708
                                                                  Reg. No. 178238