UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-113(2) (DSD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MENA D. YOUSIF,

    Defendant.

**GOVERNMENT'S POSITION ON SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek and Melinda Williams, Assistant United States Attorneys, hereby submits its position with respect to sentencing of Defendant Mena Yousif. The Government respectfully recommends a sentence of 2 years' probation as a sentence that is sufficient but not greater than necessary.

**RELEVANT FACTS**

The Government agrees with and incorporates by reference the facts from the Offense Conduct section of the Presentence Report (ECF No. 113, ¶¶ 12–32), as well as the factual basis from the Plea Agreement (ECF No. 94, ¶ 2).

In late May 2020, the murder of George Floyd led to widespread protest in the Twin Cities area. On May 28, 2020, Defendant accompanied her husband and co-defendant, Jose Felan, Jr., from their home in Rochester, Minnesota, to University

Avenue in the Midway neighborhood of St. Paul, Minnesota, to participate in protests. Felan, however, proceeded to commit arson and cause other property damage at several businesses and a high school along University Avenue. Defendant did not participate in any of these destructive activities.

On June 5, 2020, the ATF issued a press release showing images of Felan and Defendant and asking the public for assistance in identifying each individual. They were identified on June 8th. That evening, Felan was charged by complaint with arson and the Court issued a warrant for his arrest. Through investigation and other warrants, the Government learned that Felan and Defendant had fled Minnesota and were likely heading for Mexico, where Felan had family. Defendant was several months pregnant with a high-risk pregnancy.

On June 9th, Defendant was stopped by law enforcement in Missouri while driving Felan's Cadillac SRX. When law enforcement asked Defendant to identify the car's owner, Defendant said that she did not know and that she was just out for a drive. Defendant refused to provide law enforcement with any information regarding Felan's whereabouts. With further aid from members of Felan's family, Defendant and Felan crossed the border into Mexico, and Defendant was charged as an accessory after the fact for her role in assisting Felan in escaping prosecution.

Felan and Defendant remained hidden in Mexico for approximately eight months. On February 14, 2021, after receiving a civilian tip, Felan and Defendant were arrested and returned to Minnesota. Felan pleaded guilty to one count of arson on and was sentenced to 78 months' imprisonment. Defendant pleaded guilty to the single count against her on September 2, 2021. The Government now recommends that she be sentenced to 2 years of probation.

## ARGUMENT

### I. THE U.S. SENTENCING GUIDELINES CALCULATIONS

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Government agrees with the U.S. Probation's calculation of the applicable Sentencing Guidelines as set out in the PSR. PSR ¶¶ 41–50, 77. Pursuant to that calculation, Defendant's calculated total offense level is 15 and criminal history category is I, resulting in an advisory Guidelines range of 18–24 months' imprisonment, to be followed by 1–3 years of supervised release. PSR ¶¶ 77, 81. Because Defendant has pleaded to a Class D felony, she is eligible for probation pursuant to 18 U.S.C. § 3561(c)(1).

### II. THE 18 U.S.C. § 3553(a) FACTORS

The Government does not advocate for any downward departures in this case, but it does believe that, under the sentencing factors set forth in 18 U.S.C. § 3553(a), Defendant's sentence should be imposed as one of probation rather than incarceration.

Defendant's crime was undoubtedly serious.  The Government expended significant resources attempting to apprehend Felan and Defendant's actions in being untruthful with law enforcement allowed Felan to avoid prosecution for months.  But several facts mitigate Defendant's offense.

Defendant has been otherwise law-abiding.  She has no criminal history. Moreover, despite being present at a riot, Defendant never engaged in criminal activity—she did not assist her husband or others in damaging property, nor did she participate in any looting.  Defendant's restraint in light of the events around her demonstrates that her actions on June 9, 2020, in misleading law enforcement were an aberration.

Additionally, on that day, Felan placed Defendant in a difficult position. Defendant was nearing the end of a high-risk pregnancy when her husband decided to flee to Mexico.  While it is not an excuse, that fact provides greater context that is relevant in determining Defendant's culpability.

Furthermore, Defendant has expressed remorse for her actions and demonstrated her commitment to remain law-abiding by complying with the conditions of her pretrial release.  Taken together, these facts show that a probationary sentence is sufficient in this case to promote respect for the law and to provide specific and general deterrence.  And the Government is not aware of any sentences in comparable cases

4

that would create disparities among defendants with similar records who have been found guilty of similar conduct if the Court imposes a sentence of probation.

## CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court impose a sentence of 2 years of probation.

Dated: December 20, 2022   Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Emily Polachek*

BY:  EMILY POLACHEK
MELINDA WILLIAMS
Assistant U.S. Attorneys